## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

INTERCONTINENTAL ELECTRONICS,
S.P.A.,

          Plaintiff,

                                          **Case No. 03-72424**

v.

                                          **HONORABLE DENISE PAGE HOOD**

RICHARD G. ROOSEN and KAHN, KAHN,
GIBSON & ROOSEN, P.C.,

          Defendants.
_____/

INTERCONTINENTAL ELECTRONICS,
S.P.A.,

          Plaintiff,

                                          **Case No. 03-72584**

v.

                                          **HONORABLE DENISE PAGE HOOD**

EULER ACI COLLECTION SERVICES,
INC.,

          Defendant.
_____/

## ORDER DENYING MOTION TO INTERVENE

**I.**      **INTRODUCTION**

      This matter is before the Court on Movants American Keyboard Products, Robert C. Kotz
and Gregory L. Wysocki's Motion to Intervene as Garnishee-Plaintiffs.  Defendant Euler ACI
Collection Services filed a Response on March 30, 2005.  Movants American Keyboard Products,
Robert C. Kotz and Gregory L. Wysocki filed a Reply on April 7, 2005.

1

## II.      STATEMENT OF FACTS

Oakland County Circuit court issued a judgement in favor of Movants American Keyboard Products, Inc., Robert C. Kotz and Gregory L. Wysocki ("AKP") and against Plaintiff Intercontinental Electronics, S.p.A. ("Intercontinental"), in the amount of $2,552,012.97, on May 15, 2002.  (AKP's Motion to Intervene ¶ 1).  The judgment was subsequently affirmed by the Michigan Court of Appeals, but reduced to $1,552,012.97.  *Id*.  The Plaintiff asserts that the judgment was awarded against it due to errors committed by its insurer, Euler, SAIC, (*Id*. ¶ 3), and its American affiliate Defendant Euler ACI ("Euler"), (AKP's Br. at 2), as well as the law firm, Defendant Kahn, Kahn, Gibson & Roosen, P.C. and Defendant Richard G. Roosen.  *Id*.  Plaintiff instituted the current action seeking indemnity on the state court judgment.  (AKP's Mot. Intervene ¶ 3).

Plaintiff filed a Complaint in Case Number 03-72424 against Defendants Kahn, Kahn, Gibson & Roosen and Richard G. Roosen on June 20, 2003, alleging legal malpractice, equitable subrogation, and negligence.  Plaintiff also filed a Complaint in Case Number 03-72584 against Defendant Euler on June 20, 2003, alleging breach of contract, breach of fiduciary duty, fraud, silent fraud, and negligent misrepresentation.  The two cases were consolidated on February 13, 2004.

As of this date, Plaintiff has not satisfied the state court judgment in favor of AKP.  (AKP's Mot. Intervene ¶ 2).  AKP filed the current motion to Intervene as Garnishee-Plaintiff's on March 2, 2005.

## III.      APPLICABLE LAW & ANALYSIS

AKP argues that the motion to intervene should be granted based on the doctrine of intervention as of right as well as permissive intervention.  Federal Rules of Federal Procedure Rule

24 allows for intervention as of right or by permission in an action before the district court.  *See*

Fed.R.Civ.P.24(a) and (b).  Rule 24(a) states:

> Upon timely application, anyone shall be permitted to intervene in an action... when the applicant claims that the interest relating to the property... which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a).

### A.      Intervention As of Right

Four criteria must be met for intervention as a matter of right: (1) the application is timely;

(2) the party must have a substantial legal interest in the case; (3) the party must demonstrate that

its ability to protect that interest will be impaired in the absence of intervention; and (4) there must

be inadequate representation of that interest by the current party.  *See Michigan State AFL-CIO v.*

*Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).  If any of these criteria are not satisfied, a motion to

intervene must be denied.  *Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000).

Defendant Euler does not dispute the timeliness of the application or the ability to protect

the interest impaired in absence of the intervention.  Defendant Euler asserts the motion to intervene

as of right must be denied because AKP does not have sufficient legal interest to intervene and the

Plaintiff adequately represents AKP's interest.

The Sixth Circuit has adopted a "rather expansive notion of the interest sufficient to invoke

intervention."  *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).  The

determination of the substantiality of the interest claim is fact-specific.  *Id*.  AKP argues that it has

a substantial garnishment interest in the current action.  AKP asserts that its ability to recover as a

garnishee-plaintiff from Defendant Euler is dependent on the outcome of the current litigation.  AKP

claims that it is entitled to intervene because: (1) it has received a judgment against the Plaintiff; (2) the Plaintiff claims that Defendant Euler is responsible for the actions causing the judgment in favor of AKP; and (3) the current action arises out of the dispute between Plaintiff and Defendant Euler regarding the judgment in favor of AKP.

Defendant Euler asserts that AKP, as a judgment creditor, does not have a right to intervene in a suit between the judgment debtor and a third party. To support this contention Defendant Euler cites a Ninth Circuit case holding that an impaired ability for a creditor to collect on a judgment arising from past claims alone is not sufficient to support intervention by right. *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004). The current matter, however, is distinguishable from *Alisal Water*. The action in *Alisal Water* arose from public health and environmental policies. *Id.* The judgment creditor's sole interest in the litigation was based on the possibility of collecting a debt. *Id.* The Ninth Circuit held that the judgment creditor's interest was too far removed from the subject matter of the litigation, and as such intervention by right was not granted. *Id.*

AKP's interest in the current litigation differs from the interest of the judgment creditor in *Alisal Water*. Here, the subject matter of the current action is directly related to the litigation resulting in the judgment in favor of AKP. Plaintiff asserts that the Defendants are responsible for the state judgment being issued against the Plaintiff. The current action is based on this very accusation against the Defendants. Plaintiff alleges breach of contract, breach of fiduciary duty, fraud, silent fraud, negligent misrepresentation, legal malpractice, equitable subrogation, and negligence against the Defendants for failing to properly litigate the state action. Since the current action is directly connected to AKP's judgment against the Plaintiff, AKP has a substantial interest

4

in the current litigation.

A proposed intervenor's burden in showing inadequate representation of its interests is minimal. *Linton v. Comissioner of Health & Evn't.*, 973 F.2d 1311, 1319 (6th Cir. 1992). A showing of possible inadequate representation is sufficient to meet such burden. *Id.* Despite such a minimal burden, "applicants for intervention must overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit." *United States v. Michigan*, 424 F.3d 438, 443-444 (6th Cir. 2005). The Sixth Circuit has adopted a three part test to determine if the existing parties adequately represent the interests of a proposed intervenor. *Jordan v. Michigan Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000). The Sixth Circuit held:

> [T]his Court has held that a movant fails to meet his burden of demonstrating inadequate representation when (1) no collusion is shown between the existing party and the opposition; (2) the existing party does not have any interests adverse to the intervenor; and (3) the existing party has not failed in the fulfillment of its duty.

*Id.*

In the current case, AKP asserts that the Plaintiff, while aggressively pursuing litigation against the Defendants, does not adequately represent its interests because Plaintiff has previously "mocked" AKP's attempts at collection. (AKP's Mot. To Intervene, at 8). AKP further claims that to adequately represent AKP, the Plaintiff would "have to set aside years of acrimony and help an adversary who it has attempted to thwart at every turn." *Id.*

Defendant Euler states that AKP has not met the Sixth Circuit's three-part test to demonstrate inadequate representation, and the Court agrees. AKP has not shown nor alleged collusion between the Plaintiff and the Defendants. Futhermore, AKP has not shown that the Plaintiff has interests adverse to its own. AKP asserted that it has had difficulties with the Plaintiff in the past, however,

it has not shown how their interests differ in the current litigation. The Plaintiff has filed suit against the Defendants for failing to adequately represent the Plaintiff in the prior state action against AKP. More importantly, Plaintiff seeks judgment, in this action, in the exact amount originally awarded in the state action, $2,552,012.97. (Compl. at 12) and (AKP's Mot. Intervene ¶ 1). AKP has stated that Plaintiff is "zealously" litigating the current action against the Defendnats. (AKP's. Mot. Intervene at 8). Plaintiff has acknowledged that a judgment was issued against it and in favor of AKP in the state action. (Compl. ¶¶ 17, 24). AKP admits that the Plaintiff is aggressively attempting to receive the exact amount awarded to AKP in the current action against the Defendants. Furthermore, Plaintiff has acknowledged the entry of judgment against it in the state action. It does not appear that the Plaintiff's interests, in the current action, are adverse to those of AKP. Finally, AKP has not alleged the Plaintiff has failed in fulfillment of its duty. On the contrary, AKP stated that Plaintiff was "zealously" litigating the current action. Since, AKP has not met the three-part test demonstrating inadequate representation, the Court finds that AKP is not entitled to intervention as of right.

### B.      Permissive Intervention

AKP also asserts that its Motion to Intervene should be granted based on permissive intervention. Permissive intervention is within the Court's discretion under Rule 24(b). Fed.R.Civ.P. 24(b). Rule 24(b) provides:

> Upon timely application anyone may be permitted to intervene in an action... *when an applicant's claim or defense and the main action have a question of law or fact in common...*. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b)(emphasis added).

6

AKP claims that it is entitled to permissive intervention because the dispositive issue in the possible garnishment action is the same dispositive issue in the current action, namely whether Defendant Euler is liable to Intercontinental for breach of contract. (AKP's Mot. Intervene at 9). Defendant Euler asserts that AKP does not have a claim or defense to compare to the main action, as required by Rule 24(b). (Def.'s Resp. at 6). Defendant Euler argues that any claims asserted belong to the Plaintiff, not AKP, and that any garnishment action would arise from the Plaintiff's claim against Defendant Euler, not another separate claim or defense of AKP's. *Id*. Defendant Euler further argues that AKP does not claim that Plaintiff's tort claims could be litigated in a garnishment action, as it does with the breach of contract claim. *Id*. at 7. Defendant Euler finally argues that Plaintiff does not allege the existence of a contract, but rather bases the breach of contract claim on an insurance policy, and a claim that Defendant Euler was acting as its agent. *Id*.

AKP did not specifically state the claim or defense it was asserting in order to compare such claim or defense to the main action. AKP simply argues that the dispositive issue in both a garnishment action and the main action involve Defendant Euler's liability to the Plaintiff for breach of contract. (AKP's Mot. Intervene at 9). Without a specific claim or defense to compare to the main action, the Court cannot use its discretion to grant permissive intervention. As such, AKP's Motion to Intervene based on permissive intervention is denied.

## IV.     CONCLUSION

AKP has not shown that it is entitled to permissive intervention or intervention as of right. For the reasons provided above the Court American Keyboard Products, Robert C. Kotz, and Gregory L. Wysocki's Motion to Intervene as Garnishee-Plaintiffs is denied.

7

Accordingly,

IT IS HEREBY ORDERED that American Keyboard Products, Robert C. Kotz, and Gregory L. Wysocki's Motion to Intervene as Garnishee-Plaintiffs **[In Case Number 03-72424, Docket No. 39, filed March 2, 2005]** is DENIED.

IT IS FURTHER ORDERED that American Keyboard Products, Robert C. Kotz, and Gregory L. Wysocki's Motion to Intervene as Garnishee-Plaintiffs **[In Case Number 03-72584, Docket No. 44, filed March 2, 2005]** is DENIED.


      /s/ Denise Page Hood
      DENISE PAGE HOOD
      United States District Judge

DATED: March 30, 2006


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2006, by electronic and/or ordinary mail.

      s/William F. Lewis
      Case Manager